**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**GREAT FALLS DIVISION**
_____

| | |
|---|---|
| LYNETTE REDDOGG, | Cause No. CV-08-022-GF-SEH-RKS |
| Plaintiff, | |
| vs. | **ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATE MAGISTRATE JUDGE TO DISMISS COMPLAINT** |
| DONNA BLACKDOG; JUDGE GOURNEAU OF THE FT. PECK TRIBAL COURT; and CHIEF TRIAL JUDGE JACKSON OF THE FT. PECK TRIBAL COURT, | |
| Defendants. | |

_____

This matter is before the Court on Plaintiff Lynette Reddogg's Motion to Proceed In Forma Pauperis (Document 1) and proposed Complaint. (Document 2).

**I.   MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff has submitted the form Application to Proceed Without Prepayment of Fees and Affidavit wherein she indicates that she is not currently employed and the only money she has received in the past twelve months if from AFDC.  The Court finds this application to be sufficient to make the showing required by 28 U.S.C. § 1915(a).  Because it appears Plaintiff lacks sufficient funds to prosecute this action the Application to Proceed In Forma Pauperis will be granted.

The Complaint shall be deemed filed as of the date that the

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 1

Motion to Proceed In Forma Pauperis was filed and the proposed Complaint was delivered to the Clerk of Court.  *See Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279, 280-81 (9th Cir. 1983); *see also United States v. Dae Rim Fishery Co.*, 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

## II.  STATEMENT OF THE CASE

### A.  Parties

Plaintiff Lynette First Reddogg resides in Poplar, Montana on the Fort Peck Indian Reservation.  She is proceeding pro se.

Plaintiff also list her minor child (who shall be referred to herein as "T.F.") as a plaintiff in this action.  However, as a pro se litigant, Plaintiff cannot represent anyone but herself.  *See McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966).  This includes her minor child.  *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer.").  Accordingly, Ms. Reddogg is the sole plaintiff in this action.

According to the exhibits submitted with her Complaint, Plaintiff, her child T.F, and the child's father are all enrolled members of an Indian tribe on the Ft. Peck Indian Reservation. The child T.F. has been living on the Fort Peck Reservation for

four years. (Document 2-2, pp. 4-5).

The named Defendants are:  Donna Blackdog, a counselor at the Seated Bull Treatment Center; Judge Gourneau with the Fort Peck Tribal Court and Chief Tribal Judge Jackson with the Fort Peck Tribal Court.

### B.   Plaintiff's Allegations

Plaintiff's lawsuit is filed on the Court's pro se complaint form and she has designated the case as a non-prisoner civil rights case.  However, in her statement of claims, Plaintiff refers to her claim as a writ of habeas corpus and refers to the Indian Civil Rights Act ("ICRA").

She explains that Judge Gourneau granted temporary custody of Plaintiff's child, T.F., to Donna Blackdog on February 19, 2008 without Plaintiff being in attendance.  A hearing on March 5, 2008 continued custody to Donna Blackdog, without visitation. A custody hearing is set for May 8, 2008.

Plaintiff is asking this Court to dismiss the Tribal Court's Order of custody and return the child to Plaintiff.

### III.   PRESCREENING

### A.   STANDARD

As Plaintiff is proceeding in forma pauperis, her Complaint is subject to screening under 28 U.S.C. § 1915A, which impose a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 3

The court shall review  . . .  as soon as practicable
after docketing, a complaint in a civil action in which
a prisoner seeks redress from a governmental entity or
officer or employee of a governmental entity [and][o]n
review, the court shall identify cognizable claims or
dismiss the complaint, or any portion of the complaint,
if the complaint (1) is frivolous, malicious, or fails
to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is
immune from such relief.

28 U.S.C. § 1915A(a) and (b).

Section 1915A(b) provides that the Court may dismiss the
complaint before it is served upon the defendants if it finds
that the complaint is "frivolous" or that it "fails to state a
claim upon which relief may be granted."  A complaint is
frivolous, if it "lacks an arguable basis either in law or in
fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827,
1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a
claim upon which relief may be granted if a plaintiff fails to
allege the "grounds" of his "entitlement to relief." *Bell
Atlantic Corp. v. Twombly*, 550 U.S. ____, 127 S.Ct. 1955, 1964-
65, 167 L.Ed.2d 929 (2007) (quotation omitted).  This requirement
demands "more than labels and conclusions, [or] a formulaic
recitation of the elements of a cause of action." *Id.*  A
complaint must "'give the defendant fair notice of what the . . .
claim is and the grounds upon which it rests.'" *Erickson v.
Pardus*, 550 U.S. ____, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081
(2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*,

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE TO DISMISS COMPLAINT / PAGE 4

355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Additionally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf*. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**B.  Jurisdiction**

In civil cases arising between Indians, or against an Indian defendant in an action arising in Indian country, tribal jurisdiction usually will be exclusive. *Fisher v. District*

*Court,* 424 U.S. 382, 96 S.Ct. 943, 47 L.Ed.2d 106 (1976);

*Williams v. Lee,* 358 U.S. 217, 223, 79 S.Ct. 269, 272, 3 L.Ed.2d

251 (1959).  Indian tribes "exercise inherent sovereign authority

over their members and territories." *Oklahoma Tax Comm'n v.*

*Citizen Band Potawatomi Indian Tribe,* 498 U.S. 505, 511, 111

S.Ct. 905, 909, 112 L.Ed.2d 1112 (1991).

        More specifically, the Indian Child Welfare Act, 25 U.S.C. §

1911, provides in pertinent part as follows:

        (a) Exclusive jurisdiction
        An Indian tribe shall have jurisdiction exclusive as to
        any State over any child custody proceeding involving
        an Indian child who resides or is domiciled within the
        reservation of such tribe, except where such
        jurisdiction is otherwise vested in the State by
        existing Federal law.  Where an Indian child is a ward
        of a tribal court, the Indian tribe shall retain
        exclusive jurisdiction, notwithstanding the residence
        or domicile of the child.[1]

25 U.S.C. § 1911(a).  As Plaintiff, her child and the child's

father are all enrolled members of the tribe and are all living

on the Fort Peck Indian Reservation, the tribal court has

jurisdiction over the child custody matter.

        Federal district courts do not have jurisdiction to review

---

        [1]The exception, "except where such jurisdiction is otherwise
vested in the State by existing Federal law," does not apply.
Generally, this exception refers to Public Law 280 (28 U.S.C. §
1360)'s grant of certain jurisdiction to several states over
Indians.  However, Montana is not included as one of the states
in 28 U.S.C. § 1360(a).  Moreover, Montana has not asserted
jurisdiction over tribes in the state pursuant to 25 U.S.C. §
1322.  *Sanders v. Robinson,* 864 F.2d 630 (9th Cir. 1988).

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE TO DISMISS COMPLAINT / PAGE 6

the judicial actions of tribal courts, including child custody decisions, under any statute, including the Indian Civil Rights Act, 25 U.S.C. §§ 1301-1303. *See DeMent v. Oglala Sioux Tribal Court,* 874 F.2d 510, 514 (8th Cir. 1989)*; LaBeau v. Dakota*, 815 F.Supp. 1074 (W.D.Mich. 1993) citing *Shelifoe v. Dakota,* 966 F.2d 1454 (6th Cir. 1992) (unpublished disposition); *Sandman v. Dakota,* 816 F.Supp. 448 (W.D.Mich. 1992).  Congress did not provide a private right of action in the Indian Civil Rights Act, but provided only the remedy of habeas corpus. *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 70, 98 S.Ct. 1670, 1683, 56 L.Ed.2d 106 (1978).  It did not provide for any other means of federal court review of tribal court actions.

Even if the Court were to construe the case as a habeas corpus action (as plead by Plaintiff), it should still be dismissed unless the tribal court acted outside its jurisdiction. A writ of habeas corpus is not available to test the validity of the child custody decree issued by a tribal court.  *Weatherwax ex rel. Carlson v. Fairbanks,* 619 F.Supp. 294, 296 (D.Mont. 1985).

Accordingly, the Court enters the following:

**ORDER**

1.  Plaintiff's Motion to Proceed In Forma Pauperis (Document 1) is **GRANTED**.  The Clerk of Court shall waive prepayment of the filing fee.

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 7

2.  The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is **DEEMED FILED** on March 26, 2008.

Further the Court enters the following,

**RECOMMENDATION**

Plaintiff's Complaint should be **DISMISSED** for lack of jurisdiction.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED THAT SHE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A DISMISSAL OF THIS CASE WITHOUT FURTHER NOTICE TO PLAINTIFF.**

DATED this 3rd day of April, 2008.


                              /s/ Keith Strong
_____ Keith Strong
                              United States Magistrate Judge

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 8